IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| FRANCIS LANDMESSER, et al., | : | Civil No. 3:23-CV-381 |
|---|---|---|
| Plaintiffs | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Carlson) |
| GENERAL MOTORS, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

I. **Factual and Procedural Background**

This *pro se* products liability lawsuit case comes before us for resolution of a motion to compel. (Doc. 27).[1] By way of background the plaintiffs, Francis and Gertrude Landmesser, are suing GM for injuries allegedly suffered by Mr. Landmesser in a December 16, 2021 auto accident during which Landmesser alleges that his GM airbags failed to deploy. With the claims framed in this fashion, as we understand it Landmesser has now moved to compel discovery responses to the following interrogatories and requests for production of documents propounded upon officials of GM LLC:

| Plaintiff's Interrogatories | GM LLC's Responses/Objections |
|---|---|
|  |  |

---

[1] We note that there is an apparent misnomer on this pleading, which the plaintiff described as a "third" motion to compel. In fact, the docket discloses that no prior motions to compel have been filed in this case.

| | |
|---|---|
| Interrogatory No. 1: Are you in fact the Chief Financial Officer of General Motors Corp.? | The interrogatory seeks discovery: from an individual that is not a party to this action. • The interrogatory seeks discovery that is overly broad, unduly burdensome, and disproportionate to the needs of the case. • The interrogatory conflates GM LLC with General Motors Corporation |
| Interrogatory No. 2: As the CFO, do you have control of all financial records for General Motors Corp.? | The interrogatory seeks discovery from an individual that is not a party to this action. • The interrogatory seeks discovery that is overly broad, unduly burdensome, and disproportionate to the needs of the case. • The interrogatory conflates GM LLC with General Motors Corporation |
| Interrogatory No. 3: Produce General Motors Corp. ledger containing General Motors Airbag Settlements to consumers with Traumatic Brain Injury and Rib injury listing Settlement Date and Settlement Amount. Redact Consumer Name | The phrase beginning with "ledger" is vague and ambiguous. • The interrogatory seeks discovery that is overly broad, unduly burdensome, and disproportionate to the needs of the case. • The interrogatory conflates GM LLC with General Motors Corporation |
| Interrogatory No. 4: Forward original via Email to fgl51@aol.com or copy and send via U.S. Post Office or carrier of choice | GM LLC will comply with the Federal Rules and any orders of this Court with respect to service |

Upon receiving these responses to their discovery demands, the Landmessers moved to compel more fulsome responses from GM LLC. This motion to compel is fully briefed and is, therefore, ripe for resolution. Upon consideration of the parties'

2

positions, for the reasons set forth below, we will GRANT the motion, in part, and DENY it, in part.

## II. **Discussion**

Rulings regarding the proper scope of discovery are matters consigned to the court's discretion and judgment. A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of abuse of that discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion also extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . ., "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D. Pa. 2004) (citing Scott Paper Co. v. United States, 943 F. Supp. 501, 502 (E.D. Pa. 1996)). Under the standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y. 1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y. 2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 2735702, at *1 (D.N.J. Sept. 27, 2010).

The exercise of this discretion is guided, however, by certain basic principles. At the outset, Rule 26(b) of the Federal Rules of Civil Procedure generally defines the scope of discovery permitted in a civil action, prescribes certain limits to that discovery, and provides as follows:

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

Thus, our discretion is limited in a number of significant ways by the scope of Rule 26 itself, which provides for discovery of only "nonprivileged matter that is relevant to any party's claim or defense." Accordingly, "[t]he Court's discretion in ruling on discovery issues is, therefore, restricted to valid claims of relevance and privilege." Robinson v. Folino, No. 14-227, 2016 WL 4678340, at *2 (citing Jackson v. Beard, No. 11-1431, 2014 WL 3868228, at *5 (M.D. Pa. Aug. 6, 2014) ("Although 'the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits.' Courts will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject

matter of the action, or relates to confidential or privileged information") (internal citations omitted)).

Therefore, at the outset, it is clear that Rule 26's definition of that which can be obtained through discovery reaches any nonprivileged matter that is relevant to any party's claim or defense, and valid claims of relevance and privilege still cabin and restrict the court's discretion in ruling on discovery issues. Furthermore, the scope of discovery permitted by Rule 26 embraces all relevant information, a concept which is not confined to admissible evidence but is also defined in the following terms: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Rather, Rule 26 states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." This concept of relevance is tempered, however, by principles of proportionality. Thus, we are now enjoined to also consider whether the specific discovery sought is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Thus, it has been said that the amended rule 'restores the proportionality factors to their original place in defining the scope of discovery.' " Fassett v. Sears Holdings Corp.,

5

319 F.R.D. 143, 150 (M.D. Pa. 2017) (quoting Wertz v. GEA Heat Exchangers Inc., No. 1:14-CV-1991, 2015 WL 8959408, at *2 (M.D. Pa. Dec. 16, 2015)).

Further, in considering this motion we are mindful that the party moving to compel discovery bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D. Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D. Kan. 2009).

Finally, in this case Landmesser apparently seeks details of case settlements. On this score, the strong public policy encouraging settlement of disputes:

> has led courts to adopt a more demanding standard than Rule 26(b)(1) when it comes to discovery of settlement agreements. See In re Flat Glass Antitrust Litig., No. 11–658, 2013 WL 1703864, at *1 (W.D.Pa. Apr. 19, 2013). A party seeking discovery of a settlement agreement must make a particularized or heightened showing of relevance or need. See Doe v. Methacton Sch. Dist., 164 F.R.D. 175, 176 (E.D.Pa.1995) (party seeking discovery of a settlement agreement must meet heightened showing of relevance or need); Fid. Fed. Sav. & Loan Ass'n v. Felicetti, 148 F.R.D. 532, 534 (E.D.Pa.1993) (effect of particularized showing is to switch burden of proof to the party seeking discovery); Grant Thornton v. Syracuse Sav. Bank, 961 F.2d 1042, 1046 (2d Cir.1992) (party seeking discovery of settlement agreement must introduce evidence that the agreement is collusive).

Spear v. Fenkell, No. CIV.A. 13-02391, 2015 WL 3947559, at *1 (E.D. Pa. June 26, 2015).

Judged by these benchmarks, the plaintiffs' motion to compel will be GRANTED, in part, and DENIED, in part, as follows:

First, to the extent that the interrogatories seek basic information regarding the identity and duties of the CFO of GM LLC, (interrogatories 1 and 2), the defendants shall produce that information, subject to any appropriate caveats regarding the fact that GM LLC and GM are separate legal entities. However, to the extent that the interrogatories seek details of other case settlements and seeks to prescribe the manner in which information is provided to the plaintiffs (Interrogatories 3 and 4), the motion to compel is denied. In this regard, presently we do not believe that the plaintiffs have made the requisite particularized or heightened showing of relevance or need to justify disclosure of the details of settlement agreements. Therefore, the motion to compel this information is denied without prejudice to the plaintiff attempting to propound a more specific and narrowly discovery request. Finally, while the defendants certainly may provide discovery responses through email, as requested by the plaintiffs, we do not believe that they can be compelled to do so. Therefore, this request will also be denied.

An appropriate order follows.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: September 5, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FRANCIS LANDMESSER, et al.,** | : | Civil No. 3:23-CV-381 |
| **Plaintiffs** | : | (Judge Mannion) |
| v. | : | (Magistrate Judge Carlson) |
| **GENERAL MOTORS, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 5th day of September 2023, in accordance with the accompanying Memorandum, IT IS ORDERED that the plaintiff's motion to compel (Doc. 27) is GRANTED, in part, and DENIED, in part, as follows: First, to the extent that the interrogatories seek basic information regarding the identity and duties of the CFO of GM LLC, (interrogatories 1 and 2), the motion is GRANTED and the defendants shall produce that information, subject to any appropriate caveats regarding the fact that GM LLC and GM are separate legal entities. However, to the extent that the interrogatories seek details of other case settlements and seeks to prescribe the manner in which information is provided to the plaintiffs (Interrogatories 3 and 4), the motion to compel is DENIED.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge